| UNITED STATES BANKRUPTCY COURT | **Hearing Date and Time:** |
|---|---|
| EASTERN DISTRICT OF NEW YORK | February 24, 2010 at 9:30 a.m. |

-------------------------------------------------------------X
In re:

                                                                                                                       Case No. 8-09-76222-ast

       McCoy Consultants, Ltd.,

                                                                                                     Chapter 11

                                                      Debtor                        **NOTICE**

-------------------------------------------------------------X

To the Debtor and Other Parties In Interest:

            PLEASE TAKE NOTICE THAT:

            Upon the application of the United States Trustee- Region 2, a hearing will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge of the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, on February 24, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

            The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

            Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, with a hard-copy delivered directly to Chambers, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than five (5) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

            The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       January 29, 2010

                                                  DIANA G. ADAMS
                                                  UNITED STATES TRUSTEE-Region 2

                                                  Office of the United States Trustee
                                                 Long Island Federal Courthouse
                                                 560 Federal Plaza
                                                 Central Islip, New York 11722-4456
                                                 Tel. No. (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br>      McCoy Consultants, Ltd.,<br>                            Debtor.<br>-------------------------------------------------------------X | **Hearing Date and Time:**<br>**February 24, 2010 at 9:30 a.m.**<br><br>Case No. 8-09-76222-ast<br><br>Chapter 11<br><br>**NOTICE OF MOTION** |

       PLEASE TAKE NOTICE that, upon the annexed application, the United States Trustee- Region 2 will move this Court before the Honorable Alan S. Trust, United States Bankruptcy Judge of the United States Bankruptcy Court at the Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, Central Islip, New York, on February 24, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, for an order converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

       Responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 463 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, with a hard-copy delivered directly to Chambers, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Alfred M. Dimino, Esq., no later than five (5) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

       The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
       January 29, 2010              DIANA G. ADAMS
                                                UNITED STATES TRUSTEE-REGION 2

                                         By: *S/ Alfred M. Dimino*
                                            Alfred M. Dimino

                                            Trial Attorney
                                            Office of the United States Trustee
                                            Long Island Federal Courthouse
                                            560 Federal Plaza
                                            Central Islip, New York 11722-4456
                                            Tel. No. (631) 715-7800

| UNITED STATES BANKRUPTCY COURT | **Hearing Date and Time:** |
| EASTERN DISTRICT OF NEW YORK | February 24, 2010 at 9:30 a.m. |

-----------------------------------------------------------X

In re:

    McCoy Consultants, Ltd.,

                                  Case No.8-09-76222-ast

                                  Chapter 11

                  Debtor.

-----------------------------------------------------------X

**MOTION TO CONVERT THIS CASE TO A CASE UNDER
CHAPTER 7 OF THE BANKRUPTCY CODE OR, IN THE
ALTERNATIVE, TO DISMISS THE CHAPTER 11 CASE**

TO:    THE HONORABLE ALAN S. TRUST
         UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 2 ( the "United States Trustee") in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586(a)(3) and (5), makes application to this Court for an order, under 11 U.S.C. § 1112(b), converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, alternatively, dismissing this case (the "Motion"). In support of the Motion the United States Trustee alleges as follows:

**PRELIMINARY STATEMENT**

On August 21, 2009, McCoy Consultants, Ltd. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor operates as a business consultant to religious and non-profit organizations. Since the filing, the Debtor has failed to file any monthly operating reports, failed to pay quarterly fees to the United States Trustee and the stay has been

1

vacated to allow the Debtor's landlord to conclude the eviction of the Debtor from its business premises.

As such, the United States Trustee submits cause exists to convert or dismiss this case; and as will be shown herein, conversion of this case is in the best interest of the creditors.

**FACTS**

1. The Debtor filed a voluntary chapter 11 petition for relief on August 21, 2009.

2. The Debtor filed its schedules and statement of financial affairs on August 28, 2009.

3. The Debtor's schedules list assets, including accounts receivable and furniture, with an aggregate value of $709,400.

4. The Debtor scheduled no secured debt and priority debt aggregating $35,372.95[1].

5. The Debtor listed seventeen(17) unsecured creditors with claims in the aggregate amount of $305,431.10.

6. Under §§1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and is in control of its assets as a debtor in possession

7. The § 341(a) meeting of creditors was held on September 25, 2009 ( the "Meeting"). The Debtor appeared and was examined. The Meeting was closed.

8. The Debtor is represented by Rachel S. Blumenfeld, Esq. ("Counsel") in this case.

9. The United States Trustee has been unable to appoint a committee of unsecured creditors in this case.

10. The Debtor has failed to file monthly operating reports for the months of August, September, November and December 2009.

---

[1] The Internal Revenue Service has filed a proof of claim in the aggregate amount of $1,277,630.41, including a priority claim in the amount of 630,691.62 and New York State Department of Taxation and Finance filed a proof of claim aggregating $597,536.24, including a priority claim in the amount of $315,473.96.

11. The Debtor has failed to pay quarterly fees to the United States Trustee for the third and fourth quarters 2009.[2]

12. The Debtor's landlord has obtained an order vacating the automatic stay allowing it to proceed with the eviction of the Debtor under a warrant of eviction issued prior to the filing.

13. Upon information and belief, the Debtor has not remained current on its post filing administration expenses.

14. The Internal Revenue Service (the "IRS")filed a proof of claim in the aggregate amount of $1,277,630.41. The IRS's claim consists of: (a) a secured claim for withholding taxes in the amount $375,337.39; (b) an unsecured priority claim for withholding taxes of $630,691.62; and (c) an unsecured claim for penalties in the amount of $271,601.40. The claim indicates the Debtor has failed to file returns for the years 2004, 2006, 2007, 2008 and 2009. See Claim Number 10.

15. The New York State Department of Taxation and Finance ("NYS") has filed a proof of claim aggregating $597,536.24. NYS's claim consists of: (a) a secured claim for withholding and corporate taxes in the amount of $40,572.50; (b) an unsecured priority claim for withholding and corporate taxes in the amount of $315,473.96; and (c) a general unsecured claim for penalties and interest in the amount of $241,489.78. The claim indicates that $446,667.32 of the total claim was the result of audits conducted in 2004 and 2008. See Claim Number 12.

---

[2] The Debtor sent two checks for the third quarter 2009 fees, one was dishonored for insufficient funds and the Debtor stopped payment on the second.

## "CAUSE" EXISTS UNDER §1112(b) FOR CONVERSION OR DISMISSAL OF THIS CASE

16. Under § 1112(b), after notice and a hearing, absent unusual circumstances specifically identified by the Court that establish that the requested conversion or dismissal is not in the best interest of creditors and the estate, the courts shall convert a case under this chapter to a case under chapter 7, or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

17. Enumerated instances of cause are contained in § 1112(b)(4). The list is not exhaustive. (*See generally* 11 U.S.C. §102(5) ("includes" is "not limiting")); see also In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1311 (2d Cir. 1997) (pre-BAPCA case holding Bankruptcy Court may dismiss Chapter 11 filing on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

18. Of the enumerated factors set forth at section 1112(b) of the Bankruptcy Code, the following apply to the facts of this case:

- "Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" 11 U.S.C. §1112(b)(4)(A);
- "Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" 11 U.S.C. §1112(b)(4)(F);
- "Failure timely to pay taxes owed after the date of the order of relief or to file tax returns due after the date of the order of relief," 11 U.S.C. § 1112(b)(4)(I); and
- "Failure to pay any fees or charges required under chapter 123 of title 28;" 11 U.S.C. §1112(b)(4)(K).

19. The Debtor's failure to file monthly operating reports makes it impossible to determine the Debtor's financial condition, as well as, whether the Debtor is experiencing a loss and a diminution of the estate thereby rendering it unlikely that the Debtor could effectuate a reorganization. This inability is further supported by the failure of the Debtor to comply with the conditional order to pay rent to its landlord, the subsequent vacateur of the stay and the continuation of the pre-petition eviction action.

20. The failure of the Debtor to pay the quarterly fees to the United States Trustee evidences a failure to remain current on its post filing administration expenses, as well as, an inability to propose a feasible plan of reorganization.

21. The Debtor has failed to provide the United States Trustee with copies of its post filing tax returns. The IRS' and NYS' claims evidence that $2 million in pre-petition tax obligations are sought based upon unfiled tax returns. Finally, the only filed monthly operating report for October 2009 does not disclose the accrual or payment of post-petition taxes.

22. As stated in §1112 (b) (1), unless the Court specifically finds special circumstances, the case <u>shall</u> be converted or dismissed. 11 U.S.C. § 1112(b)(1) (emphasis added). Section 1112(b)(2) places the burden of proof of special circumstances on the Debtor and requires the Debtor to establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time. Based upon the operative facts set forth herein, it is submitted that the Debtor can not satisfy its burden, and as such cause exists to convert or dismiss the within case.

**CONVERSION BEST SERVES THE CREDITORS' INTERESTS**

23. Under 11 U.S.C. § 1112(b), the Court determines whether dismissal or conversion is in "the best interest of creditors." 11 U.S.C. § 1112(b). In the case at bar, the Debtor's schedules reveal little about the Debtor's assets and whether the liquidation of the Debtor's assets would provide a meaningful distribution to its listed creditors. Additionally, the Debtor has failed to provide any information regarding its post filing activities. Conversion of this case is in the best interests of the creditors because it will allow a trustee to investigate the Debtor's assets, liabilities and post-petition operations.

24. No prior application for the relief requested herein has been made by the United States Trustee or any other party-in-interest in this case.

25. In light of the forgoing, the United States Trustee requests the Court enter an order converting this case to a case under chapter 7 for cause, including, but not limited to, continuing losses, a diminution of the estate, an absence of a likelihood of rehabilitation, the Debtor's failure to file tax returns and pay post-petition taxes, or pay quarterly fees and delay which is prejudicial to the creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

    A.    Finding "cause" and

           (1)    Dismissing this case ; or

           (2)    Alternatively, converting this case to a case under chapter 7;

B.	Requiring the payment of the United States Trustee's quarterly fees through the date

of entry of the order converting or dismissing the case; and

C.	Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
January 29, 2010

                DIANA G. ADAMS
                UNITED STATES TRUSTEE
                REGION 2


                *S/ Alfred M. Dimino*
                Alfred M. Dimino
                Trial Attorney

                560 Federal Plaza
                Central Islip, New York 11722
                631-715-7800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

   McCoy Consultants, Ltd.,

                              Case No.8-09-76222-ast

                              Chapter 11

                    Debtor.        **CERTIFICATE OF SERVICE**
-------------------------------------------------------------X

       I, Linda Kmiotek, am employed at the Office of the United States Trustee for the Eastern District of New York, hereby certify that I served a true copy of the annexed Notice, Notice of Motion and Application to Convert This Case to Case Under Chapter 7 of the Bankruptcy Code or, in the Alternative, to Dismiss This Chapter 11 Case, by depositing same in a sealed envelope, with postage pre-paid thereon, by regular delivery, addressed to the last known address of the addresses listed on the attached list.

McCoy Consultants, Ltd.
333 Earl Ovington Blvd., Suite 11553
West Babylon, NY 11704

Rachel S. Blumenfeld, Esq.
26 Court Street, Suite 2400
Brooklyn, NY 11242

William P. Caffrey, Jr., Esq.
Hamburger Maxson Yaffe Wishod, etal
225 Broadhollow Road, Suite 301E
Melville, NY 11747


Dated: Central Islip, New York
       January 29, 2010

                                        *S/ Linda Kmiotek*
                                        Linda Kmiotek